| | |
|---|---|
| Sherri Lynne Love, | 2:17-cv-02419-JAD-PAL |
| Petitioner | **Order Appointing Counsel** |
| v. | [ECF Nos. 1-1, 2, 3] |
| State of Nevada, et al., | |
| Respondents | |

Pro se petitioner Sherri Lynne Love is serving several consecutive sentences with a possible parole-release date of 2058 after she was convicted of murder with the use of a deadly weapon, attempted murder with the use of a deadly weapon, and child abuse and neglect resulting in substantial mental and bodily harm with the use of a deadly weapon.[1]  Now she petitions for a writ of habeas corpus, arguing that her due-process, equal-protection, fair-trial, and Miranda rights were violated.[2]  She has already paid the filing fee, and I have screened her petition under Habeas Rule 4.  Love's petition will be docketed and served on respondents.

**Discussion**

A petition for federal habeas corpus must include all known claims for relief.  If Love fails to include a claim in her petition, she may be forever barred from seeking federal habeas relief on that claim.[3]  If Love is aware of any claim not included in her petition, she should notify the court of that deficiency as soon as possible by moving to amend her petition to add the claim.

Love has also submitted a motion for appointment of counsel.[4]  There is no constitutional

---

[1] ECF No. 1 at 2.

[2] *Id.* at 1–171; ECF No. 1-1 at 1–57.

[3] *See* 28 U.S.C. §2254(b) (successive petitions).

[4] ECF No. 2.

right to appointed counsel for a federal habeas corpus proceeding.[5]  The decision to appoint

counsel is generally discretionary.[6]  But counsel must be appointed if the claims are so complex

and the petitioner is so uneducated that denying counsel would amount to a denial of due

process.[7]  The legal issues that Love raises are complex, and Love is unlikely to competently

articulate them.  So I grant Love's motion for appointment of counsel.

### Conclusion

Accordingly, the **Clerk of Court** is directed to **FILE and SERVE the petition [ECF No. 1] on the respondents**.  The **Clerk of Court** is also directed to **ADD Adam Paul Laxalt**, Nevada Attorney General, as counsel for respondents.

IT IS FURTHER ORDERED that Love's motion for appointment of counsel **[ECF No. 2] is GRANTED**.  The Federal Public Defender (FPD) for the District of Nevada is appointed to represent Love in her federal habeas action.

The **Clerk of Court** is directed to **ELECTRONICALLY SERVE the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus**.  The **FPD has until December 13, 2017**, to file a notice of appearance or to indicate to the court its inability to represent Love in these proceedings.  After counsel has appeared for Love in this case, the court will issue a scheduling order that will, among other things, set a deadline for the filing of an amended petition.

---

[5] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993).

[6] *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.).

[7] *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970).

IT IS FURTHER ORDERED that Love's motion for leave to file excess pages **[ECF No. 3] is DENIED as moot**.

DATED: November 13, 2017.

_____
Jennifer A. Dorsey
United States District Judge