**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Sherri Lynne Love, | 2:17-cv-02419-JAD-PAL |
| Petitioner | **Scheduling Order** |
| v. | |
| State of Nevada, et al., | |
| Respondents | |

In this habeas corpus action, I granted then-pro-se petitioner Sherri Lynne Love's motion for an appointment of counsel.[1] Stephen Alexander Spelman of the Federal Public Defender's Office has now appeared on Love's behalf,[2] so I now set a schedule for further proceedings.

Accordingly, IT IS HEREBY ORDERED that Spelman must meet with Love as soon as reasonably possible, if he has not already done so, to: (a) review the procedures applicable in cases under 28 U.S.C. § 2254; (b) discuss and explore with Love, as fully as possible, the potential grounds for habeas corpus relief in her case; and (c) advise Love that all possible grounds for habeas corpus relief must be raised in the amended petition and that failure to do so will likely result in any omitted grounds being barred from future review.

IT IS FURTHER ORDERED that Love has until **February 22, 2018, to FILE and SERVE on respondents an amended petition for a writ of habeas corpus** that includes all known grounds for relief (both exhausted and unexhausted).

IT IS FURTHER ORDERED that respondents will have 45 days after service of the amended petition to answer or otherwise respond. If Love does not file an amended petition, then respondents will have until **April 9, 2018,** to answer or otherwise respond to the original petition.

---

[1] ECF No. 6.

[2] ECF No. 8.

IT IS FURTHER ORDERED that any procedural defenses raised by respondents must be raised together in a single, consolidated motion to dismiss. Successive motions to dismiss will not be entertained, and procedural defenses embedded in the answer may be ignored. Procedural defenses omitted from a single, consolidated motion to dismiss will be deemed waived. Respondents may not file a response that consolidates their procedural defenses, if any, with their response on the merits, except as allowed by 28 U.S.C. § 2254(b)(2) with respect to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss and not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) as outlined in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).

IT IS FURTHER ORDERED that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state-court-written decision and state-court-record materials, if any, regarding each claim within the response as to that claim.

IT IS FURTHER ORDERED that Love will have 45 days from service of the answer, motion to dismiss, or other response to file a reply or opposition. Other requests for relief are subject to the normal briefing schedule under the local rules.

IT IS FURTHER ORDERED that any state-court-record exhibits filed by the parties in this case must be filed with an index identifying the exhibits by number or letter. The CM/ECF attachments that are filed must further be identified by the number or letter of the exhibit in the attachment.

IT IS FURTHER ORDERED that the parties **must SEND courtesy copies of all exhibits to the RENO DIVISION of this court**. Courtesy copies must be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. And going forward, all parties must provide courtesy copies of newly filed exhibits in the same manner.

DATED: January 4, 2018.

Jennifer A. Dorsey
United States District Judge